## TABLE OF CONTENTS

                                                                                                           **Page**

TABLE OF AUTHORITIES ............................................. v

ARGUMENT ......................................................... 1

      I.       Neither U.S. Bank as Trustee nor Wells Fargo Bank were the "holder" within Maryland's UCC and neither established itself as a party otherwise entitled to enforce the Note ........................... 1

      II.     The bankruptcy court erred in denying the Howes' claim objection and denying reconsideration of that denial ............. 8

CONCLUSION ....................................................... 9

CERTIFICATE OF COMPLIANCE ...................................... 11

CERTIFICATE OF SERVICE ......................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Burson*,
    424 Md. 232, 35 A.3d 452 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555, 127 S.Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . 5,8

*In re Nosek*,
    386 B.R. 374, 382 (Bankr. D. Mass. 2008) . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Slorp v. Lerner, Sampson & Rothfuss*,
    587 Fed. Appx. 249, 254-56, 62 (6th Cir. 2014) . . . . . . . . . . . . . . . . . . . 4,5

**STATUTES**

Md. Code, Com. Law § 3-301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

Md. Code, Com. Law § 3-309 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

**RULE**

Fed. R. Bankr. P. 3001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# ARGUMENT

## I. Neither U.S. Bank as Trustee nor Wells Fargo Bank were the "holder" within Maryland's UCC and neither established itself as a party otherwise entitled to enforce the Note.

Appellees Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank, National Association ("U.S. Bank"), Carrington Mortgage Services, LLC ("Carrington"), and Christiana Trust, a Division of Wilmington Savings Fund Society, FSB ("ChristianaTrust") continue to approbate and reprobate by changing positions in this litigation, even in the course of this appeal. Appellees now argue that "the holder of the Note was U.S. Bank, for whom Wells Fargo was servicer." Opposition Brief of Appellees ("Opp. Br.") at 14. This is in stark contrast to the operative Proof of Claim of March 15, 2013, which identifies "Wells Fargo Bank, N.A." as the noteholder, Appx. 374, and Appellees consistent argument below that Wells Fargo was the noteholder, *see*, *e.g.*, Appx. 85-89, 91-93, 98, 335, 336, 383.[1] Coupled with Appellees other assertion that the noteholder was "whoever that might be", Appx. 89, the Court can readily observed that the Appellees approach in this case has been "throw it all up and see what sticks." *Id.*

---

[1] This amended proof of claim amended an earlier, March 8, 2013 proof of claim that listed the WFASC 2003-4 Trust as the noteholder and its Trustee, U.S. Bank, as the noteholder, but did not contain any attachments, including the debt instrument, as required by Bankr. Rule 3001(c)(d). Appx. 370.

Moreover, to establish that U.S. Bank "was" the noteholder (presumably at the time of filing objection to plan confirmation and two proofs of claim), Appellees are now relying on Land Records of Howard County," claiming that they "reveal that, as a matter of public record, Appellants' mortgage loan was held by 'U.S. Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-4.'" Opp. Br. at 15.

First, those records are irrelevant because in Maryland, as in most states, the deed of trust follows the note and not the other way around. *See, e.g., Anderson v. Burson*, 424 Md. 232; 35 A.3d 452, at *17 (Md. 2011) ("deed of trust cannot be transferred like a mortgage; rather, the corresponding note may be transferred, and carries with it the security provided by the deed of trust" Appellees are thus attempting to have the tail wag the dog. *Id.* As soon as the note is transferred, the deed of trust transfer recording in the land records becomes obsolete and has no probative value on determining the "person entitled to enforce the instrument," C.L. § 301. Thus, those records could not have been used to contradict the allegations in the Complaint that, contrary to the Proofs of Claim, neither Wells Fargo Bank nor U.S. Bank was or could have been the noteholder.[2]

---

[2] *See, e.g.*, Appx. 17 (Complaint ¶ 63) ("none of the Defendants are in possession of the Note"), Appx. 29 (Compl. ¶ 127) ("Wells Fargo . . . filed its Plan Objection on behalf of US Bank as trustee for the Trust (¶ 52 infra), and falsely claimed that US Bank is the holder of the

In addition, a "holder" is an entity that is has (1) possession of the instrument and (2) endorsement on the instrument either in blank or to the entity by the prior holder. C.L. § 3-301; *Anderson, supra*, at *16-17. At the time of filing the March 15, 2013 Proof of Claim, neither U.S. Bank as Trustee nor Wells Fargo Bank was the holder of the Note because the Note had been lost and neither entity had possession of it. Appx. 272 (Lost Note Affidavit). Further, because the Lost Note Affidavit is executed February 12, 2013, *id.*, Wells Fargo *knew* that neither it nor U.S. Bank as Trustee was the holder of the Note at the time of filing the bogus proofs of claim in March 2013, Appx. 370-374.

Further, the records now relied upon by Appellees consist of two assignments of the Deed of Trust together with the Note and one assignment of the Deed of Trust without reference to the Note. Appx. 103-107. If anything, these records themselves show that the promissory Note was never transferred to U.S. Bank as Trustee. *See* Appx. 106-07 (Assignment of Deed of Trust only and not the Note). And of course, as detailed above, Appellees claimed below that it was "Wells Fargo Bank, N.A." that was the noteholder. *See, e.g.*, Appx. 374.

Appellees next argue that the Complaint's allegation that neither Wells Fargo Bank nor U.S. Bank as Trustee was the holder was implausible in light of the

---

Note"); *see also* Appx. 70, 187, 239.

above-referenced land records and Appellees self-serving proofs of claim and affidavits. Opp. Br. at 14-17. This argument misapplies the law. A complaint allegation must be taken as true unless it consists of a bare conclusory assertion or is contradicted by an objective document integral to the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). Here, the Complaint's allegation that U.S. Bank as Trustee was not and could not be the holder was supported by exhibits (numbered 2A and 2B) showing the termination of the trust (Appx. 33, 62-65) and was admitted to and confirmed by Appellees (Appx. at 333, lns. 6-7) ("Even if . . . the trust terminated as alleged on January 25th, 2012, which it did"). Likewise, the allegation that Wells Fargo Bank was not the holder was supported by Wells Fargo's own copy of the Note endorsed to another entity, Appx. 382, and later was reaffirmed by the submitted Lost Note Affidavit, Appx. 272.

Next, Appellees argue that "the bankruptcy court properly observed that Appellants were in no way damaged by the alleged trust termination, another element required to assert a legitimate claim for fraud." Opp. Brief at 18 (citing Apx. 342-45). Appellants and the courts below are wrong for two reasons. First, the damage in the fraud claim is not the termination of the trust, but the initiation of a wrongful and unauthorized foreclosure and the attempted taking of the property by an entity not entitled to do so. *See Slorp v. Lerner, Sampson &*

*Rothfuss*, 587 Fed. Appx. 249, 254-56, 62 (6th Cir. 2014) (faced with allegations that "Bank of America wrongfully initiated foreclosure proceedings" based on "allegedly fraudulent assignment," "the district court erred by concluding that [plaintiff] suffered no cognizable injury, and that mistaken conclusion was the reason it denied leave to amend as futile"). Here too, Wells Fargo was making false statements in a public court document to avoid meeting its evidentiary burden and causing harm to the Howes by proceeding with a fraudulent and improper foreclosure and the taking of the property (including then filing proofs of claim and objections) without the right to do so. *Id.*[3]

Second, it is irrelevant whether the Howes can identify the noteholder instead of U.S. Bank as Trustee and WFBNA. The burden is on the reputed creditor (U.S. Bank as Trustee) and servicer (WFBNA) to articulate that. *See Anderson*, *supra*, at *16 ("a reputed transferee in possession of an unindorsed mortgage note has the burden to establish its rights under that note"); *In re Nosek*,

---

[3] Even if Wells Fargo can ultimately meet its burden under C.L. 309, the lower courts deprived the Howes of their right to hold Wells Fargo to the burden of proof the law requires of it. At a minimum, the bankruptcy judge arbitrarily changed the relevant strength of the parties' positions and skewed the outcome of any possible resolution, including a negotiated one, in favor of the purported creditor. Needless to say, the courts must not do so, and must treat all parties equally, even if some of them claim big amounts related to residential properties and claim that they are too important to the functioning of the American financial system.

386 B.R. 374, 382 (Bankr. D. Mass. 2008) (it "is the creditor's responsibility to keep a borrower and the Court informed as to who owns the note and mortgage and is servicing the loan, not the borrower's or the Court's responsibility to ferret out the truth").  The colloquy cited by Appellants on p. 18-19 of their Opposition Brief only illustrates the bankruptcy court's improper placing of the burden to articulate what happened with the Loan on the Howes instead of the servicer and the reputed creditor.  *Anderson*, *supra*, at *16-17.

Appellants then continue that "even if the Complaint credibly alleged the Trust's termination on January 25, 2012, it fails to address who then could enforce the Note or foreclose under the Deed of Trust." Opp. Br. at 19.  Again, this improperly places the burden on the Howes and asks the irrelevant question of what the Howes know.  The Howes made allegations and even adduced supporting evidence that U.S. Bank as Trustee could not have been the holder because it was acting on behalf of a no-longer-existing and terminated trust.  Appx. 62-65. Moreover, the termination of the trust was not, and is not now, even at issue, as Appellees conceded that the 2003-4 Trust had terminated as alleged by the Howes. Appx. 333.

Thus, the record discloses that from February 21, 2012 and on, U.S. Bank and WFBNA made a conclusory and false allegations that either U.S. Bank or WFBNA (they kept switching positions) was the noteholder, yet at the same time

-6-

they (1) were not in possession of the Note (and later admitted that they lacked such possession, Appx. at 272), (2) attached a document showing no endorsement in favor the claimed noteholder, Appx. 374, and admitted that the trust had terminated so that U.S. Bank as Trustee could not have been the noteholder. Appx. 333. This was sufficient at a minium to show that a material issue of fact existed as to U.S. Bank as Trustee's and WFBNA's right to enforce the Note, so that the Complaint's allegations as to U.S. Bank as Trustee's and WFBNA's lack of the right to enforce *had* to be taken as true. Holding otherwise and dismissing the Complaint in light of the material issue of fact was therefore reversible error.[4]

Lastly neither U.S. Bank as Trustee nor Wells Fargo Bank established itself as the party otherwise entitled to enforce the Note. U.S. Bank as Trustee lacks even capacity to act at all, let alone to enforce the subject Note because the 2003-4

---

[4] Because the Howes challenged Appellees' right to enforce the Note, which includes the holder / transferee / nonholder-not-in-possession status of the reputed creditor, Appellees reliance on *Brock* is misplaced. The creditor in *Brock* established itself as the holder, while the reputed creditors in this case have not, as detailed in the Howes' opening brief. Unlike *Brock*, this case does not involve a blank endorsement, does not involve an endorsement in favor of the party in possession, and does not even involve a single party in possession. Appx. 272. The copy of the Note attached to the Amended Proof of Claim is not endorsed to the claimed secured party (WFBNA). Appx. 374. Nor is it endorsed in favor of U.S. Bank as an entity. It is endorsed in favor of the underlying Trust (i.e., to the Trustee). Once the Trust terminated (a fact that must be taken as true and that was conceded by Appellees), the endorsement in favor of the trust cannot count as an endorsement in favor of U.S. Bank aside from its capacity as Indenture Trustee for the 2003-4 Trust.

Trust on whose behalf it acted has terminated. Appx. 62-65, 333. Wells Fargo has admitted that the note has been lost, yet its lost note affidavit fails to comply with the requirements of either C.L. § 3-309 or Md. Code Ann., Real Prop. § 7-105.1(f). Appx. 243.

### II. The bankruptcy court erred in denying the Howes' the claim objection and denying reconsideration of that denial.

In their Objection to the March 15, 2013 Proof of Claim (Appx. 309), the Howes' contended, *inter alia*, that the foreclosure fees were improperly included because the two prior foreclosure actions were defective: one was based on robo-signed affidavits and was dismissed, and the second one was brought by the entity that would have lacked both authority and capacity to prosecute the foreclosure (due to the underlying Trust's termination). *Id.*

It was error (and violation of due process) to deny the Howes' objection to claim simply because it was not served on a party that had not made an appearance in the case and of which the Howes were not aware until the objection hearing, and without any evidence before the court that the new party had a legitimate claim. Appx. 312. It also deprived the Howes from determining whether such party was interjected into the case on the eve of the objection hearing for an improper purpose, such as the lack of evidentiary proof by WFBNA that it was the noteholder as claimed in its amended proof of clam. *Id.*

More importantly, once the Howes alleged and Appellants conceded that the Trust had terminated, no doubt was left that the Howes' claims for improper proof-of-claim amount due to unauthorized foreclosure (in the name of U.S. Bank as Trustee) fees was viable, and the bankruptcy court erred in denying the claim objection first and then refusing to reconsider its ruling.

**CONCLUSION**

To cut corners and avoid the evidentiary burdens required by law, Wells Fargo falsely represented itself to be the holder of the Note in the bankruptcy proceedings below, and now argues that it should have been U.S. Bank as Trustee as the holder and Wells Fargo as Servicer. Neither claim is true because the Note has been lost and no reputed creditor below has possession of the Note. Plus, with respect to U.S. Bank as Trustee, it has been conclusively established that the underlying Trust has been terminated and lacks capacity to act.

At the same time, none of the reputed creditors attempted to establish itself as a transferee with the rights of a holder, or a nonholder not in possession with the right to enforce. Instead, the reputed creditors elected to "sneak by" "slide in" on the more generous "holder" standard without a valid basis to do so. This violated the rights of the plaintiff homeowners to be free from false claims and fraudulent and improper foreclosures, regardless of any alleged default, and should not be permitted to stand.

Respectfully submitted,

*/s/ Gregory Bryl*
Gregory Bryl, Esq.
BRYL LAW OFFICES
1629 K Street NW, Suite 300
Washington, DC 20006
202-360-4950
703-997-5925 fax
help@bryllaw.com
*Counsel for Plaintiffs-Appellants Jeffrey and Tonya Howes*

# CERTIFICATE OF COMPLIANCE
(Type-Volume Limitation, Typeface Requirements, and Type Style Requirements)

1. Appellants' Opening Brief complies with the type-volume limitation of FED.R. APP. P. 28.1(e)(2) or 32(a)(7)(B) because this brief contains less than 8,015 words or less, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect 12 in 14-point Times New Roman font.

Date: April 11, 2016

                                                                                */s/ Gregory Bryl*
                                                                                Gregory Bryl, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2016, the foregoing Opening Brief of Appellants was filed with the Court via hand delivery and electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Douglas Brooks Riley, Esq.
    TREANOR, POPE & HUGHES, PA
    500 York Road
    Towson, MD 21204-0000
    Direct: 410-494-7777
    Email: dbriley@tph-law.com

    Michael Thomas Cantrell, Esq.
    Kyle James Moulding, Esq.
    MCCABE WEISBERG & CONWAY, LLC
    312 Marshall Avenue, Suite 800
    Laurel, MD 20707
    Direct: 301-490-3361
    Email: MdFederalEfilings@mwc-law.com
    Email: kmoulding@mwc-law.com

                                                */s/ Gregory Bryl*
                                                Gregory Bryl, Esq.